UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.

JOSE ARNOLDO ALVAREZ,

                        Defendant.

3:15-cr-00054-RCJ-WGC-1

**ORDER**

Defendant Jose Alvarez pled guilty in this Court to conspiracy to possess with intent to distribute at least 50 grams of a mixture and substance containing a detectable amount of methamphetamine. In 2017, the Court sentenced him to 78 months of imprisonment, to be followed by five years of supervised release. Defendant appealed, and the Court of Appeals affirmed. Defendant has filed a habeas corpus motion under 28 U.S.C. § 2255, listing five counts: (1) trial counsel was ineffective for failing to facilitate Defendant's right under the Plea Agreement to show he played a minor role in exchange for a recommendation that he receive a two-level reduction under U.S.S.G. § 3B1.2; (2) trial counsel was ineffective for allowing him to

admit facts that could not be proved at trial; (3) trial counsel was ineffective for failing to disclose a conflict of interest; (4) appellate counsel was ineffective for failing to appeal the § 3B1.2 issue; and (5) the Government breached the Plea Agreement. The Court ordered the Government to answer the third count but denied the other counts without requiring an answer.

## I. LEGAL STANDARDS

The Sixth Amendment right to effective assistance of counsel is violated when: (1) counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[The] breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel." *Nix v. Whiteside*, 475 U.S. 157, 165 (1986). Rather, in the context of an ineffective-assistance claim based on an attorney's conflict of interest, a Defendant must show that his counsel "actively represented conflicting interests" and that that "an actual conflict of interest adversely affected his lawyer's performance"; but if he makes that showing, prejudice is presumed. *Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350 (1980)). An "actual conflict" for Sixth Amendment purposes means one that "*affected counsel's performance*—as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002).

## II. DISCUSSION

Defendant suggests that there may have been a conflict of interest based on trial counsel's concurrent representation of another defendant in a related case. The only mention of this in the record is the Government's statement at the sentencing hearing, "And I know that counsel here probably is aware of that case because she represented the co-defendant. I trust that all the

conflicts were waived in that regard." (Sentencing Tr. 41:12–14, ECF No. 110). Defendant's counsel since February 16, 2016 was Attorney Ristenpart. It appears the Government was referring to a related case involving Saul Cisneros, a co-conspirator charged separately in Case No. 3:15-cr-41 shortly before the present case was filed. Attorney Ristenpart represented Lisa Jones in that case from June 19, 2015 until at least the hearing on Jones's amended judgment on June 12, 2017. Attorney Ristenpart therefore concurrently represented Defendant and Jones from February 16, 2016 until at least June 12, 2017, during which time Defendant changed his plea to guilty and was sentenced.

A lawyer in Nevada may not concurrently represent two clients when "[t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client . . . ." Nev. R. Prof. Cond. 1.7(a)(2). The conflict can be waived under certain circumstances, but both clients must give informed written consent. Nev. R. Prof. Cond. 1.7(b)(4). Defendant claims counsel did not even disclose the concurrent representation. As noted, however, Defendant must show more than a mere violation of state ethical rules. He must show that Attorney Ristenpart's performance was actually adversely affected due to her representation of Jones.

The Government responds that Defendant has shown neither an actual, nor even a theoretical, conflict of interest. The Court agrees in part. Defendant has shown a theoretical conflict, at least under state law, but he makes no claim of any actual adverse effect on Attorney Ristenpart's performance, which he must show in the present context. In her affidavit, Attorney Ristenpart admits that she represented both Defendant and Jones. (Ristenpart Aff. ¶¶ 1–2, ECF No. 119-1). Jones's co-defendant, Saul Cisneros, whom Attorney Ristenpart did not represent, provided the information leading to Defendant's arrest, but Jones had no such information to

provide. (*Id.* ¶¶ 4–6). Defendant therefore cannot show that a continuing duty to Jones, e.g., a need to maintain her credibility, actually interfered with Attorney Ristenpart's duties to Defendant, e.g., by preventing her from attacking Jones's credibility. And Defendant told Attorney Ristenpart that he did not know either Cisneros or Jones, (*id.* ¶ 10), so he could not have provided the Government any information about Jones, and he therefore cannot show, for example, that Attorney Ristenpart refused to assist him in providing such information to the Government because of her duties to Jones. Attorney Ristenpart's affidavit does not indicate that any potential conflict of interest under state ethical rules resulted in an actual conflict under the Sixth Amendment.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence of a Person in Federal Custody, Pursuant to 28 U.S.C. § 2255 (ECF No. 114) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of July, 2018.

_____
ROBERT C. JONES
United States District Judge